UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZACHARY FIELDS,

    Plaintiff,

v.

KURT HALVORSON; DOUBLE D,

    Defendants.

Case No. C21-1591 RSM

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff Zachary Fields' Motion for Remand, Dkt. #8. Plaintiff moves the Court for an order remanding this action to Snohomish County Superior Court under 28 U.S.C. § 1447(c). *Id.* at 6. Defendant Kurt Halvorson opposes remand. Dkt. #13. The Court has determined that oral argument is unnecessary. For the reasons below, the Court agrees with Mr. Fields, GRANTS his Motion, and REMANDS this case to Snohomish County Superior Court.

## II.  BACKGROUND

Mr. Fields was employed by Defendant Halvorson as a seaman on the DOUBLE D, a commercial fishing vessel owned and operated by Defendant. *See* Dkt. #1-1 at 2-3. On September 6, 2019, Mr. Fields suffered injuries, allegedly, due to Defendant's negligence and

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 1

unseaworthiness of the DOUBLE D. *Id.* The air compressor on the vessel malfunctioned and the DOUBLE D was not equipped with supplemental oxygen. *Id.* at 4. Consequently, Plaintiff allegedly suffered mental and physical injuries, as well as monetary losses. *Id.* at 8. On October 29, 2021, Plaintiff filed suit in Snohomish County Superior Court in the State of Washington. *Id.* at 1. He alleged claims for maintenance, cure, and damages under the general maritime law and Jones Act, 46 U.S.C. §30104, which grants a seaman injured in the course of employment the right to seek damages against his employer. *Id.* at 2-9. On November 24, 2021, Defendants removed the action to this Court under 28 U.S.C. § 1441(c). *See* Dkt. #1 at 1. Defendant Halvorson argued that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1333. On December 22, 2021, Plaintiff then moved to remand under 28 U.S.C. § 1447(c). *See* Dkt. #8 at 1.

### III.   DISCUSSION

**A. Legal Standard**

When a case is filed in State court, removal is typically proper if the complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Typically, it is presumed "that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290, 58 S. Ct. 586, 82 L. Ed. 845 (1938)).

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 2

B. Analysis

   1. Maritime Law Claim

Defendant presents two arguments for removal: (1) that this Court has exclusive *in rem* admiralty jurisdiction because Mr. Fields brought claims against the vessel itself; and (2) that federal maritime jurisdiction applies because the alleged tort occurred solely at sea, and the case is removable simply based on this Court's original admiralty jurisdiction. *See* Dkt. #13 at 3-4.

First, it appears that Plaintiff does not intend to carry on this suit as an admiralty action, and explicitly notes that he is "not pursuing, and agrees to dismiss his *in rem* action against the vessel." *See* Dkt. #14 at 2.

Second, Plaintiff argues that his maritime claims may not be removed to federal court, due to 28 U.S.C. § 1333's "saving to suitors clause." *See* Dkt. #8 at 1. District courts have original jurisdiction, exclusive of the courts of the States, for any "civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333. Courts interpreting the "saving to suitors clause" have held that parties have the "option of bringing maritime claims ... in federal court under admiralty jurisdiction, in state court, or in federal court under an independent ground of jurisdiction such as diversity of citizenship." *Coronel v. AK Victory*, 1 F. Supp. 3d 1175, 1185–86 (W.D. Wash. 2014). As Mr. Fields argues, "general maritime claims are not removable [to federal court] absent an independent ground of federal subject matter jurisdiction, such as diversity jurisdiction." *Id.*; *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1069 (9th Cir. 2001).

The Court agrees with Mr. Fields. Defendant fails to establish that this Court has *exclusive* jurisdiction or address Mr. Fields' arguments. As Plaintiff argues, Defendant did not demonstrate an independent ground for federal jurisdiction. *See* Dkt. #14 at 3. He simply stated

that the Court has original jurisdiction, meaning Plaintiff *could have* chosen to bring the claim in federal court, which is not sufficient for removal. *Id.*; *Coronel*, 1 F. Supp. 3d at 1169. Thus, Defendant has failed to meet his burden to demonstrate that removal was appropriate given the State court's concurrent jurisdiction under 28 U.S.C. § 1333's saving to suitors clause.

### 2. Jones Act Claim

A claim brought in any State court under the Jones Act "is not subject to removal to federal court even in the event of diversity of the parties." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001). Mr. Fields argues that his Jones Act claim is, thus, clearly not removable. *See* Dkt. #8 at 6. The Court agrees.

Given all of the above, and the strong presumption against removal jurisdiction, the Court will grant this Motion.

### IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1. Plaintiff Fields' Motion to Remand (Dkt. #8) is GRANTED.
2. This case is hereby REMANDED to the Superior Court of Washington State in and for the County of Snohomish.
3. This matter is now CLOSED.

DATED this 28th day of September, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 4

E